### J. H. TAYLOR *v.* L. GUTEMAN.

**Petition on Note—Exhibits.**

A petition to collect a note must state by its own allegations a good cause of action, and the absence of material allegations in a pleading cannot be supplied by the exhibits referred to by the pleader.

**Excessive Interest.**

No judgment can be legally rendered for interest at ten per cent. when there is no averment that defendant agreed in writing to pay ten per cent. interest on the debt.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 1, 1876.

OPINION BY JUDGE ELLIOTT:

The plaintiff in the lower court, now appellee, recovered judgment

against the defendant for $138, with ten per cent. interest from the 3d day of March, 1875, upon the simple allegation that said appellee executed his note to plaintiff's assignor for said sum on March 3, 1875, and due one day after date, and had not paid it. There is no allegation that appellant agreed in writing to pay ten per cent. on the debt he owed appellee's assignor, nor is the note said to have been executed made a part of appellee's petition, and if it were still it would be defective. Every petition must state by its own allegations a good cause of action, and the absence of material allegations in a pleading cannot be supplied by the exhibits referred to by the pleader. Taking all the allegations of appellee's petition as true, the appellant's liability was only $138, with six per cent. interest from the 4th of March, 1875, instead of the 3d thereof, as adjudged.

If the appellant agreed in writing to give 10 per cent. interest it should have been alleged, and the failure to do so is fatal to the judgment. Judgment *reversed* with leave to appellee to amend his petition, and for other proceedings consistent herewith.

*L. D. Little, for appellant.    Owen & Ellis, for appellee.*